UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

BETTY J. GHORLEY,                         )
                                          )
*Plaintiff,*                              )
                                          )    Case No. 1:13-cv-400
v.                                        )
                                          )    Judge Mattice
THOMAS AND BETTERS CORPORATION )               Magistrate Judge Lee
PENSION PLAN FOR BARGAINING UNIT )
EMPLOYEES, PART C,                        )
                                          )
*Defendant.*                              )
                                          )

## ORDER

On August 26, 2014, United States Magistrate Judge Susan K. Lee filed her Report and Recommendation (Doc. 37) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Lee recommended that Defendant's Motion for Judgment on the Administrative Record (Doc. 30) be granted, and that Plaintiff's action be dismissed with prejudice.

Plaintiff has filed timely objections to the Magistrate Judge's Report and Recommendation.[1] (Doc. 38). Plaintiff's objections reiterate the arguments that she has raised at various points in this litigation: (1) regardless of the terms of the Plan, Defendant either waived the terms of the Plan or is estopped from enforcing them due to the conduct of its agents with regard to the deceased; (2) Plaintiff's case should not be resolved without full discovery beyond the scope of the administrative record; and (3) the evidence in the administrative record supports Plaintiff's claim.

---

[1] Following Defendant's Response to his objections, Plaintiff filed a Motion for Extension of Time to File his Reply Brief. (Doc. 40). Plaintiff requested an extension until December 1, 2014, and filed his Reply on that date. Defendant having entered no objection to Plaintiff's Motion, the Court hereby **GRANTS** Plaintiff's Motion (Doc. 40), and will consider Plaintiff's Reply.

The Court has conducted a *de novo* review of record and the Report and Recommendation – specifically reviewing those portions to which Plaintiff has objected – and it agrees with Magistrate Judge Lee's well-reasoned conclusions. Specifically, the Court finds, as Magistrate Judge Lee found, that the Plan's determination that Plaintiff is not entitled to 100% annuity benefits was not arbitrary and capricious, and the substantial compliance of Plaintiff or the deceased is ultimately irrelevant to the determination of Plaintiff's benefits under the clear and unambiguous terms of the Plan. Plaintiff's arguments regarding waiver and the evidence in the administrative record were fully and correctly addressed in the Report and Recommendation.[2] At a June 13, 2014 hearing, the Court addressed Plaintiff's arguments regarding her desire for full discovery; after a review of the record and the Report and Recommendation, the Court finds no need to reconsider this issue.

At their core, all of Plaintiff's objections rely upon the premise that there must a legal or factual escape hatch from the Plan. Unfortunately for Plaintiff, the Court cannot simply ignore the clear and ambiguous terms of the plan simply because it results in the wishes of a dying man not being fulfilled. Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations pursuant to § 636(b)(1) and Rule 72(b), and **GRANTS** Defendant's Motion for Judgment on the Administrative Record (Doc. 30). This case is hereby **DISMISSED WITH PREJUDICE**.

---

[2] In their responsive briefing to Plaintiff's objections, the parties argue over whether waiver and estoppel are applicable in ERISA cases, or whether they must constitute distinct state law claims. (*See* Docs. 39, 41). The Court finds no need to rule upon the legal issues presented by Plaintiff because it finds that, even if claims of waiver and estoppel are permissible in ERISA cases, such claims would not be successful in this case based on the evidence contained in the administrative record.

**SO ORDERED** this 11th day of December, 2014.

_____/s/ Harry S. Mattice, Jr._____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE